IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOHNNY CALVIN SCOTT, §
 §
  Petitioner, §
 §
v. § Civil Action No. 4:17-CV-439-O
 §
LORIE DAVIS, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
 §
  Respondent. §

## **OPINION AND ORDER**

  Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Johnny Calvin Scott, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

## **I. BACKGROUND**

  On May 2, 2014, a jury in Tarrant County, Texas, Case No. 1359184R, found Petitioner guilty of capital murder and, because the state waived the death penalty, the trial court assessed an automatic life sentence without the possibility of parole. Clerk's R. 43, 358, ECF Nos. 12-12 & 12-13. Petitioner's conviction was affirmed on appeal, and, on November 18, 2015, the Texas Court of Criminal Appeals refused his petition for discretionary review. Electronic R., ECF No. 12-11. Petitioner did not seek writ of certiorari. Pet. 3, ECF No. 1. On July 24, 2016,[1] Petitioner filed a

---

[1]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not state the date Petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" was signed by Petitioner on July 24, 2016; thus, the

postconviction state habeas-corpus application challenging his conviction, which was denied by the Texas Court of Criminal Appeals on September 25, 2016, without written order. SHR01[2] 29 & Action Taken, ECF Nos. 12-30 & 12-31. Petitioner filed this federal habeas petition challenging his state conviction in ten grounds on May 24, 2017.[3] Pet. 6-7B, ECF No. 1. Respondent asserts that the petition is time-barred under the federal statute of limitations or, in the alternative, that one or more of Petitioner's claims are unexhausted and procedurally barred. Resp't's Answer 6, ECF No. 10.

## II. DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

Court deems the application filed on that date.

[2]"SHR01" refers to the record of Petitioner's state habeas proceeding in WR-85,653-01.

[3]Likewise, a federal habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner asserts in his petition that he placed the document in the prison mailing system on May 24, 2017; thus, the Court deems the petition filed on that date.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, the limitations period begins to run from the date on which the challenged "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under subsection (A). For purposes of this provision, Petitioner's judgment of conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on February 16, 2016, triggering the one-year limitations period, which expired one year later on February 16, 2017. *Id.* § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); SUP. CT. R. 13.1. Therefore, Petitioner's federal petition was due on or before February 16, 2017, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas application, pending from July 24, 2016, through September 28, 2016, operated to toll the federal limitations period under § 2244(d)(2) for 67 days, making the petition due on or before April 24, 2017. Therefore, the petition filed on May 24, 2017, is untimely unless Petitioner demonstrates that he is entitled to tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). There is no evidence in the record that Petitioner was prevented in some extraordinary

3

way from asserting his rights in federal court, and he presents no new evidence to meet the actual innocence exception. Petitioner's pro se status, inexperience in drafting legal pleadings, and lack of knowledge of the law are all common problems of inmates who are trying to pursue postconviction habeas relief and do not warrant equitable tolling. Pet'r's Mem. 1, ECF No. 4. *See Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 391-92 (5th Cir. 1999).

Accordingly, Petitioner's federal petition was due on or before April 24, 2017. His petition filed on May 24, 2017, is therefore untimely.

## III. CONCLUSION

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED as time-barred. Further, for the reasons discussed, a certificate of appealability is DENIED.

**SO ORDERED** on this 3rd day of January, 2019.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE